STONEHAM BRANCH RAILROAD COMPANY *vs.* LEVI GOULD.

When the number of shares in the stock of a corporation is fixed by its charter, an assessment, made before the whole number of shares is subscribed for, is invalid, although the remainder of the shares be subscribed for on the same day, after the dissolution of the meeting of directors at which the assessment was made.

A sale of shares in a railroad corporation, for non-payment of several assessments, one of which is illegal, is void, and the corporation cannot recover the amount of the deficiency in the price obtained to pay the assessments, in an action on Rev. Sts. *c.* 39, § 53.

ACTION OF CONTRACT, on Rev. Sts. *c.* 39, § 53, to recover the amount of five assessments, of twenty dollars each, on one share, owned by the defendant, in the plaintiff's capital stock, deducting the sum for which said share had been sold for non-payment of said assessments.

By § 3 of the plaintiffs' act of incorporation, *St.* 1851, *c.* 139, "the capital stock of the said corporation shall consist of one thousand shares of one hundred dollars each."

At the trial in the court of common pleas, the following facts were in evidence : The first assessment was levied at a meeting of the directors held on the 12th of January 1853. At that time there had been only four hundred and seventy shares of stock subscribed for, of which the defendant's was one. But on the same day, after the meeting of directors had dissolved, the treasurer of the corporation subscribed for five hundred and fifty shares in the name of John T. Cahill, and immediately gave Cahill notice, by mail, of said subscription, and inclosed to him the guaranty of the president of the corporation to save him harmless from all loss on account of said subscription ; and within a week received a letter from Cahill ratifying said subscription. Cahill had agreed, before the meeting, to make said subscription, on receiving such guaranty ; but had not authorized the treasurer to subscribe in his behalf. The other four assessments were levied on the 24th of February, 1853. On the 19th of August 1853, the defendant having paid no portion of the five assessments, his share was sold at public auction, for the non-payment thereof, for the sum of one dollar.

Upon this evidence, *Bishop*, J. ruled that the plaintiffs were

not entitled to recover the balance of said assessments sued for, and the jury returned a verdict for the defendant. The plaintiffs alleged exceptions.

*A. H. Nelson & A. V. Lynde*, for the plaintiffs.

*J. G. Abbott & C. P. Judd*, for the defendant.

SHAW, C. J. It is a rule of law too well settled to be now questioned, that when the capital stock and the number of shares are fixed by the act of incorporation, or by any vote or by-law passed conformably to the act of incorporation, no assessment can be lawfully made, on the share of any subscriber, until the whole number of shares has been taken. *Salem Milldam* v. *Ropes*, 6 Pick. 23, and 9 Pick. 187. *Cabot & West Springfield Bridge* v. *Chapin*, 6 Cush. 50. *Worcester & Nashua Railroad* v. *Hinds*, 8 Cush. 110.

This is no arbitrary rule; it is founded on a plain dictate of justice, and the strict principles regulating the obligation of contracts. When a man subscribes a share to a stock, to consist of one thousand shares, in order to carry on some designated enterprise, he binds himself to pay a thousandth part of the cost of such enterprise. If only five hundred are subscribed for, and he can have no assurance which he is bound to accept that the remainder will be taken; he would be held, if liable to assessment, to pay a five-hundredth part of the cost of the enterprise, besides incurring the risk of an entire failure of the enterprise itself, and the loss of the amount advanced towards it.

In the present case, less than half of the shares had been subscribed for when the first assessment was laid. Assuming that Cahill's agreement to take the residue of the shares was valid, it was on condition of receiving the president's guaranty, and this was not sent to him until after the meeting of the directors had dissolved. As the sale was made for the non-payment of all the assessments, and one was illegal, the sale was unauthorized, and the defendant did not become liable, by the terms of the statute, to pay the balance. A compliance with the requisitions of the statute is a condition precedent to such liability.                *Exceptions overruled.*